UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTEMUS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JIM YAN LOUIE, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-00626-JSC<br><br>**ORDER RE: MOTION TO WITHDRAW ADMISSIONS AND FOR PERMISSION TO SERVE TARDY RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION**<br><br>Re: Dkt. No. 30 |

　　　　Relator William Artemus brings this action against his landlords, Defendants Jim Yan Louie and Christine Nan Louie, for retaliatory eviction and violation of the Federal False Claims Act for demanding and accepting side payment from Relator in violation of the Section 8 housing assistance program.  Now pending before Court is Relator's motion to withdraw deemed admissions under Federal Rule of Civil Procedure 36(b) and for permission to serve tardy responses to the requests for admission.  (Dkt. No. 30.)  After carefully considering the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Relator's motion.

**BACKGROUND**

　　　　Discovery in this case commenced in early September, and the fact discovery cut-off is in August 2017.  (*See* Dkt. No. 27 at 1.)  The parties have agreed that Relator's deposition will occur in the second week of January 2017 before the parties' January 30, 2017 mediation.  (Dkt. No. 30-1 ¶¶ 2-3.)  Trial is set for December 2017.  (Dkt. No. 27 at 1.)

　　　　In the meantime, Relator's counsel has been "on a working vacation abroad" since late September with plans to return at the end of December.  (Dkt. No. 30-1 ¶ 4.)  While abroad, Relator submitted Rule 26 disclosures supported by a number of exhibits.  (*Id.* ¶ 6; *see also* Dkt.

1   No. 33-2—33-13.) Defendants properly and timely served Relator with discovery requests—
2   including requests for production of documents, interrogatories, and requests for admission—by
3   mail on September 30, 2016. (Dkt. No. 30-1 ¶ 5.) Relator did not serve proposed responses to the
4   requests for admission until November 27, 2016—two months later. (*Id.* ¶ 12.) Relator's counsel
5   has submitted a declaration explaining the cause of the delay.

6   Because Relator was abroad, his office staff scanned and emailed him any mail received.
7   (*Id.* ¶ 7.) On October 4, 2016, Relator received via email a PDF that began with Defendants'
8   requests for production of documents and also contained the other discovery requests, including
9   the requests for admission. (*Id.* ¶ 8.) Relator's counsel "was too busy to read all 74 pages [of the
10  PDF] and foolishly assumed it was only one discovery request" and never downloaded the
11  document. (*Id.*) Thus, Relator's counsel did not realize that Defendants had served requests for
12  admission. (*Id.*)

13  About two weeks later, Relator's counsel began to address Defendants' discovery requests
14  but could not find the PDF his staff had sent him. (*Id.* ¶ 9.) At Relator's counsel's request,
15  Defendants sent him another copy of their request for production of documents—the only
16  discovery request Relator's counsel requested—then granted Relator a 20-day extension to
17  respond to the discovery requests. (*Id.*) The parties did not discuss the requests for admission at
18  that time. (*Id.* ¶ 10.) Despite the extension, Relator served responses to the requests for
19  production of documents early, on November 2, 2016. (*Id.*)

20  On November 25, 2016, after the extended deadline had passed, Defendants sent Relator a
21  meet-and-confer letter contending that Relator failed to respond to the requests for admissions,
22  maintaining that the admissions were therefore deemed admitted as a matter of law, and noting
23  Defendants' intent to file a motion to deem them admitted pursuant to Rule 36. (Dkt. No. 33.) In
24  a written response, Relator apologized for the late requests for admission, explained the
25  circumstances that led to the delay, and attached Relator's motion to withdraw the admissions
26  along with the proposed admissions, which Relator filed on the docket the same day. (Dkt. No.
27  33-1; Dkt. No. 30.)
28

**DISCUSSION**

**I.     Motion to Withdraw Deemed Admissions**

When one party serves requests for admission on another under Rule 36(a), the matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Rule 36(b) provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." The first prong "essentially asks if allowing the withdrawal will aid in the resolution of the case." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). This prong "is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case," *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted), such as when a party is deemed to have admitted an ultimate legal issue, *see, e.g.*, *id.*; *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *Medina v. Donahoe*, 854 F. Supp. 2d 733, 748-49 (N.D. Cal. 2012) ("Where . . . the admissions go directly to the ultimate questions at issue in this case, the presentation of the merits in this action would be subserved if defendant were allowed to prevail on the matters deemed to be admitted under Rule 36.") (internal quotation marks and citation omitted).

Here, the admissions do not bear directly on legal conclusions or "simply concede essential elements" of Relator's claims. *Conlon*, 474 F.3d at 622. But they do so indirectly, asking Relator to admit that he has no evidence to support the essential elements. (*See, e.g.*, Dkt. No. 31 at 7 (requesting that Relator admit he has no information to support his contention that Defendants submitted a false claim); *id.* at 8-10 (requesting that Relator admit that he has no evidence to support his contention that he suffered emotional distress or undue financial burden; general and special damages; or considerable mental anguish, fear and anxiety as a result of Defendants' conduct); *id.* at 7, 9 (requesting that Relator admit that he has no evidence to support his

3

1  contention that Defendants acted with the requisite scienter for any of the violations).) The
2  ultimate effect of the admissions is the same, as Relator would be forced to admit at trial or
3  summary judgment that he has no evidence in support of the essential elements of his claims.
4  Withdrawing the deemed admission—and permitting Relator to proffer evidence that supports his
5  contentions—would promote resolution of this case on the merits.

6        The court next considers whether withdrawal will prejudice Defendants. "The party
7  relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622.
8  The prejudice that Rule 36(b) contemplates "is not simply that the party who obtained the
9  admission will now have to convince the factfinder of its truth." *Id.* (citation omitted). And
10 "reliance on the admission in connection with a dispositive motion is not enough to constitute
11 prejudice." *Mosley v. Groupon, Inc.*, No. 15-cv-01205-BLF-PSG, 2016 WL 324384, at *2 (N.D.
12 Cal. Jan. 27, 2016) (citing *Conlon*, 474 F.3d at 624). Instead, the relevant concern is the
13 "difficulty a party may face in proving its case at trial." *Conlon*, 474 F.3d at 624. For example,
14 prejudice may flow from the "unavailability of key witnesses" or "the sudden need to obtain
15 evidence with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348.
16 Courts often find prejudice where a plaintiff moves to withdraw automatic admissions after
17 discovery has closed. *See, e.g.*, *Doty v. City of Santa Clara*, No. 14-CV-03739-LHK, 2015 WL
18 9027727, at *5 (N.D. Cal. Dec. 16, 2015). But in *Conlon*, where the plaintiff sought to withdraw
19 admissions after discovery had already closed, the Ninth Circuit noted its "reluctan[ce] to
20 conclude that a lack of discovery, without more, constitutes prejudice" because "[t]he district court
21 could have reopened the discovery period[.]" *Id.* at 624; *see also, e.g.*, *Chartsis Specialty Ins. Co.
22 v. Telegraph Hill Props., Inc.*, No. C 11-05696-RS, 2013 WL 1629173, at *7 (N.D. Cal. Apr. 16,
23 2013) (finding no prejudice even though the plaintiff had relied on defendants' automatic
24 admissions for many months and discovery had already closed because it could be reopened).
25 Generally, the closer a date is to trial, the greater the prejudice. *See id.* at 622-24.

26       Here, Defendants have not met their burden of demonstrating that they will be prejudiced
27 if the Court permits Relator to withdraw his automatic admissions. To start, Defendants have been
28 aware of the factual basis for Relator's claims since Relator submitted his initial disclosures in

early October. (*See* Dkt. No. 33-2—33-13.) More importantly, the parties are only three months into discovery with nearly eight more months remaining. (*See* Dkt. No. 27 at 1.) Trial is a full year away. (*Id.*) Under such circumstances, permitting Relator to withdraw the automatic admissions will not prejudice Defendants. Defendants argue that, as in *Conlon*, they will suffer prejudice because they "will suddenly need to obtain evidence with respect to the questions previously deemed admitted." (Dkt. No. 36 at 7.) Their reliance on *Conlon* is misplaced. There, the discovery and dispositive motion deadlines had already passed. The "sudden" need for discovery arose because trial was drawing near. Here, in contrast, Defendants have many months to pursue any follow up discovery they need before trial. The only approaching deadline is the parties' mediation in late January 2017, and Defendants have more than a month to obtain discovery necessary for mediation. If Defendants believe they need more time to obtain particular discovery in advance of mediation, they may seek to amend the Pretrial Order if they can demonstrate good cause to extend the deadline. At bottom, because significant time remains in discovery, there is no prejudice here.

Thus, Relator has satisfied both Rule 36(b) factors. Even if both prerequisites are met, Rule 36 "is permissive, not mandatory" in that the court may allow withdrawal or amendment of admission but is not required to do so. *See Conlon*, 474 F.3d at 621, 625. "[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.* at 625.

An attorney's mistake due to administrative difficulties does not constitute good cause for delay. *See, e.g.*, *Chartsis Specialty Ins. Co.*, 2013 WL 1629173, at *8 (finding that moving offices, a paralegal quitting, and being on vacation did not constitute good cause for delay). "[A] client is ordinarily chargeable with his counsel's negligent acts," *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), and in most contexts "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Nor is the Court persuaded by Relator's attempt to shift the blame for his

attorney's mistake onto Defendants. (*See* Dkt. No. 30-2 at 6.) As for the strength of Relator's case on the merits, based on his initial disclosures Relator has some evidence to support his case, which supports withdrawal of the admissions. (*See* Dkt. No. 33-2—33-13.)

Ultimately, although Relator's attorney missed a deadline, Defendants now have Relator's admissions and plenty of time to seek follow-up discovery. "While lawyers should strive to avoid such oversight, forcing [Relator] to adhere to [his automatic] admissions does not serve truthseeking or judicial efficiency." *North Venture Partners, LLC v. Vocus, Inc.*, No. 14-cv-00337-RS, 2016 WL 1177923, at *6 (N.D. Cal. Mar. 22, 2016). Accordingly, despite Relator's inability to provide a good cause for the delay, given the absence of prejudice to Defendants and in the interests of permitting Relator to present his case on the merits, the Court will exercise its discretion to grant Relator relief from his automatic admissions.

## II.  Relator's Bank Account Information

In support of his motion, Relator's counsel filed on the public docket Relator's bank statements complete with account numbers. (Dkt. Nos. 32-1, 32-2.) Financial account numbers are typically redacted given individuals' privacy interest and to prevent exposure to harm or identity theft. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006); *see, e.g.*, *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007). Accordingly, the Court directs the Clerk's Office to remove Docket Nos. 32-1 and 32-2 from the public docket forthwith and orders Relator to refile the documents with Relator's account information redacted by **December 27, 2016**.

## CONCLUSION

For the reasons explained above, the Court GRANTS Relator's motion for withdrawal of admissions deemed admitted pursuant to Rule 36(a)(3) and for permission to serve tardy responses to Defendants' requests for admission.

This Order terminates Docket No. 30.

**IT IS SO ORDERED.**

Dated: December 21, 2016

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge