UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTEMUS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM YAN LOUIE, et al.,<br><br>Defendants. | Case No. 16-cv-00626-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 41 |

Relator William Artemus brings this action against his landlords, Defendants Jim Yan Louie and Christine Nan Louie, for retaliatory eviction and violation of the Federal False Claims Act.  He claims Defendants  demanded and accepted side payments from Relator in violation of the Section 8 housing assistance program.  Now pending before the Court is Relator's motion for leave to amend the complaint.  (Dkt. No. 41.)  After carefully considering the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Relator's motion.

## BACKGROUND

**A.      Complaint Allegations**

Relator, a recipient of Section 8 housing subsidies from the federal government, rented an in-law unit in San Francisco from Defendants pursuant to a lease agreement.  (Dkt. No. 1 ¶¶ 9, 17.)  The unit was subject to the rent limitations, anti-harassment provisions, and eviction controls of the San Francisco Rent Stabilization and Arbitration Ordinance.  (*Id.* ¶ 17.)  The parties also entered into a Housing Assistance Payment Contract, which was required for Relator to receive housing subsidies.  (*Id.* ¶ 21.)  As a condition of the Housing Assistance Payment Contract, Defendants agreed that they would not charge or accept any payments from Relator other than

United States District Court<br>Northern District of California

those approved by the Housing Authority, which provided that rent would be $2,434 per month. (*Id.* ¶¶ 21-22.)  In addition, the agreement provided that Defendants—not Relator—would be responsible for utilities.  (*Id.* ¶ 22.)  Nevertheless, from June 2009 through December 2015 Defendants demanded that Relator pay an additional $269 per month in addition to his portion of the rent—*i.e.*, side payments apart from his portion of the rent.  (*Id.* ¶ 23.)

In December 2015 Relator delivered his portion of the rent payment to Defendants along with a letter indicating that the $269 additional payment was improper and refusing to pay it any longer.  (*Id.* ¶ 27.)  In retaliation for that letter, Defendants issued a 90 Day Notice of Termination of Section 8 Lease.  (*Id.* ¶ 28.)

**B.  Procedural History**

In February 2016 Relator filed this action alleging three claims for relief for violations of the False Claims Act, 31 U.S.C. § 3729; the state retaliatory eviction statute, California Civil Code § 1942.5; and San Francisco Administrative Code § 37.10B.  (Dkt. No. 1.)  In the complaint, Relator cited *Coleman v. Hernandez*, 490 F. Supp. 2d 278 (D. Conn. 2007), for the proposition that a "landlord violates the Federal False Claims Act by demanding and receiving payments for housing services when such payments have not been approved by the Government."  (Dkt. No. 1 ¶ 37.)

Relator sought a portion of the government's False Claims Act damages—by statute, 25% if the government intervened and 30% if it did not—three times his special and general damages, attorneys' fees, and statutory damages.  (*Id.* at 11.)  Three months later, the Government declined to intervene, and the Court unsealed the complaint.  (Dkt. No. 7.)  After being served with the complaint in June 2016, Defendants answered in July.   (Dkt. No. 18.)  The Court issued a Pretrial Order in early September 2016, which set the deadline to file motions to amend the pleadings on May 5, 2017; set the close of fact discovery for August 4, 2017; and scheduled trial to begin on December 11, 2017.  (Dkt. No. 27 at 1.)  Mediation was scheduled for January 30, 2017 but was continued to permit the parties to take additional discovery.  (Dkt. No. 41 at 1; Dkt. No. 43.)

According to Jason A. Hain, counsel for Relator, he filed the initial complaint believing that Relator could recover the side payments he made to Defendants as damages on the False

1  Claims Act claims without the government taking the lion's share of the damages based on

2  counsel's reading of *Coleman v. Hernandez*.  (Dkt. No. 41-1 ¶ 2.)  On January 4, 2017, Mr. Hain

3  contacted the U.S. Attorney's Office for the Northern District of California to inquire whether the

4  government would seek 70% of Relator's side payments to Defendants in addition to the housing

5  assistant payments the government made to Defendants as FCA damages.  (Dkt. No. 41-4 at 5.)

6  The government responded that whether FCA damages are calculated "based either on the

7  amounts paid by the government, or the side payments made by the relator[,]" 70-75% goes to the

8  government.  (*Id.* at 6.)  The government also noted that if Relator is "able to agree to a settlement

9  with defendant in which the government payments are characterized as FCA damages and the

10  defendant pays a multiple of those damages, while the side payments are repaid to the relator

11  under some other provision of law," the government could not object to that.  (*Id.*)

12        Based on that exchange, Relator now moves for leave to amend the complaint to add

13  causes of action alleging civil fraud and violation of California Penal Code § 496, for which

14  Plaintiff would seek treble damages for the side payments he made to Defendants.  (Dkt. No. 41;

15  *see* Dkt. No. 41-1 at 13-27.)  Defendant opposes the motion.  (Dkt. No. 44.)  Relator did not file a

16  reply.

17                                          **DISCUSSION**

18        Federal Rule of Civil Procedure 15(a) provides generally that leave to amend the pleadings

19  before trial should be given freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth

20  Circuit has emphasized that leave to amend is to be granted with "extreme liberality."  *Sonoma*

21  *Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quotation

22  marks and citation omitted).  In determining whether justice requires leave to amend, courts

23  consider five factors initially listed in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith,

24  undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has

25  previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)

26  (citing *Foman*, 371 U.S. at 182).[1]  "[T]he consideration of prejudice to the opposing party . . .

27

28  [1] In contrast, when a plaintiff seeks to file an amended complaint after the leave-to-amend
deadline set forth in a court's scheduling order, the plaintiff's ability to amend is "governed by

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

2    Cir. 2003) (citation omitted).  "The party opposing leave to amend bears the burden of showing

3    prejudice[,]" *Sherpa v. SBC Comm'cns, Inc.*, 318 F. Supp. 2d 85, 87 (N.D. Cal. 2004) (citation

4    omitted), and generally of demonstrating why leave to amend should not be granted, *Genentech,*

5    *Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

6         "Absent prejudice, or a strong showing of any of the [other] *Foman* factors, there exists a

7    presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316

8    F.3d at 1052.  While "late amendments to assert new theories are not reviewed favorably when the

9    facts and the theory have been known to the party seeking amendment since the inception of the

10   cause of action," *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th

11   Cir. 1986), "[d]elay alone is insufficient to justify denial of leave to amend," *DCD Programs, Ltd.*

12   *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Ultimately, the decision to grant or deny a request

13   for leave to amend rests in the discretion of the trial court.  *California v. Neville Chem. Co.*, 358

14   F.3d 661, 673 (9th Cir. 2004).

15        As a threshold matter, Defendants argue that the Court should deny Relator's motion

16   because he does not address the four factors relevant to amendment, citing *Union Pacific Railroad*

17   *Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130 (C.D. Cal. 2002).  (Dkt. No. 44 at 4.)  In *Union*

18   *Pacific*, the Court noted that the plaintiff's failure to discuss the four factors was "reason enough

19   to deny [its] late request" to amend.  236 F. Supp. 2d at 1139.  There, the plaintiff did not file a

20   motion for leave to amend at all; instead, the court construed the plaintiff's opposition to summary

21   judgment, which argued in support of a claim that it had never previously raised, as an implied

22   request to amend.  *Union Pacific R.R. Co.*, 236 F. Supp. 2d at 1139.  Here, in contrast, Plaintiff

23   filed a motion for leave to amend and, while he does not address all of the relevant factors, he cites

24   Rule 15 and discusses prejudice, the most important factor in the analysis.  (Dkt. No. 41 at 3.)

25

26

27   Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.
     1992); *Zamora v. City of San Francisco*, No. 12-cv-02734-NC, 2013 WL 4529553, at *2 (N.D.
28   Cal. Aug. 26, 2013).  Here, Plaintiff's motion for leave to amend comes well before the deadline
     set forth in the Pretrial Order (Dkt. No. 27 at 1), so Rule 15(a)'s liberal standard, rather than Rule
     16's good cause standard, applies.

1    Accordingly, the Court declines Defendants' invitation to deny leave to amend solely based on

2    Plaintiff's failure to address all four relevant factors.

3         As to those factors, Defendants contend that the Court should deny Relator's motion due to

4    all four—on grounds of bad faith, undue delay, prejudice, and futility—and also because Relator

5    should have raised the new claims in his initial complaint.

6         Leave to amend may be denied due to bad faith where the amendment is introduced to

7    cause a delay in proceedings or for some other improper purpose. *See Foman*, 371 U.S. at 182.

8    For example, courts have denied leave to amend due to bad faith where the plaintiff's motion was

9    brought "to avoid the possibility of an adverse summary judgment ruling" and would prejudice

10   defendant by requiring re-opening discovery, *see Acri v. Int'l Ass'n of Machinists & Aerospace*

11   *Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986), or where the plaintiff's motive was to destroy

12   diversity and, therefore, the court's jurisdiction, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794,

13   805 (9th Cir. 1987). Defendants argue that "Relator's intent in amending his Complaint is to

14   circumvent the Government's recovery" of False Claims Act damages, which evidences bad faith.

15   (Dkt. No. 44 at 4.) Not so. Relator's proposed amendments do not significantly decrease or

16   otherwise undercut the FCA damages the government stands to receive as a result of this lawsuit;

17   the FCA claim remains in the proposed amended complaint, and Relator adds additional causes of

18   action to increase his own personal recovery. This conduct does not constitute bad faith.

19        Next, Defendants contend that the Court should deny leave to amend due to undue delay

20   because Relator waited one year after filing his complaint to add these claims. The undue delay

21   inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the

22   time the operative pleading was filed and nevertheless failed to act promptly to add them to the

23   pleadings. *See AmerisourceBergen Corp v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)

24   (finding untimely and prejudicial a motion to amend filed fifteen months after discovery of new

25   facts). In other words, undue delay is "dilatory motive." *In re Facebook Privacy Litig.*, No. C-10-

26   02389-RMW, 2015 WL 632329, at *2 (N.D. Cal. Feb. 13, 2015) (citation omitted). Here,

27   Relator's proposed new claims add causes of action "with the goal of obtaining the damages

28   which he did not believe the Government would object to him recovering when he filed the

United States District Court
Northern District of California

1    original Complaint." (Dkt. No. 41 at 3.)  Relator must have known of the facts giving rise to his

2    new claims earlier, since they are based on the same facts as those alleged in the initial complaint.

3    And in his correspondence with government counsel, Mr. Hain suggests that he was already aware

4    of the legal theory underlying the new claims.  (Dkt. No. 41-1 at 7.)  Essentially, Relator seeks to

5    amend to correct a mistake of law, which generally does not constitute excusable neglect sufficient

6    to establish good cause for leave to amend under Rule 16.  *See Whitsitt v. Cnty. of San Mateo*, No.

7    C 10-04996 LB, 2012 WL 174859, at *2 (N.D. Cal. Jan. 20, 2012) (citations omitted).  But Rule

8    15 is a much more liberal standard.  In short, Relator could have sought to include the newly-

9    alleged claims earlier, which demonstrates some undue delay, but the inquiry does not end here.

10       The next factor, prejudice, weighs most heavily in the analysis.  *See Eminence Capital,*

11   *LLC*, 316 F.3d at 1052.  Courts often evaluate prejudice in terms of whether relevant deadlines

12   would have to be continued as a result of the new pleading.  *See Yates v. Auto City 76*, 299 F.R.D.

13   611, 614 (N.D. Cal. 2103).  Thus, Ninth Circuit case law indicates that a defendant may establish

14   prejudice by demonstrating that a motion to amend was made after the cutoff date for such

15   motions, or when discovery had closed or was about to close.  *See, e.g.*, *Zivkovic v. So. Cal.*

16   *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of leave to amend where

17   motion was filed five days before discovery deadline and proposed amendment would have added

18   additional causes of action that would have required further discovery); *Lockheed Martin Corp. v.*

19   *Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[A] need to reopen discovery and

20   therefore delay the proceedings supports a district court's finding of prejudice from a delayed

21   motion to amend the complaint."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139

22   (9th Cir. 1998) (denying leave to amend due to prejudice where amendment was made "on the eve

23   of the discovery deadline" and thus would have required "re-opening discovery").  Mere addition

24   of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to

25   amend.  *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

26       Here, though litigation has been pending for 11 months before Relator moved to amend,

27   the procedural posture of this case makes it unlikely that Defendants will suffer any prejudice if

28   the Court grants the motion.  Although the parties engaged in four months of discovery before

United States District Court
Northern District of California

6

United States District Court
Northern District of California

Relator moved to amend, there are still seven months of discovery remaining before the cut-off. (Dkt. No. 27 at 1.)  The factual allegations underlying the new claims are largely the same, so it is likely that the four months of discovery taken to date will be relevant to the new legal theories.  As there is significant time left in discovery and the claims overlap, there is no indication that any of the dates in the Court's Pretrial Order—most importantly, the close of discovery, deadlines for dispositive motions, and trial—will need to be altered to accommodate discovery on the new claims.  Indeed, Defendants do not argue otherwise.  While Defendants maintain that they will be prejudiced because they will have to incur increased costs of litigation to propound additional discovery requests and take more depositions, merely having to defend against additional claims does not show prejudice.  *See Webb*, 655 F.2d at 980.  Defendants also complain that they will be prejudiced because they have already taken Relator's deposition and there is only limited time remaining under Rule 30(d)(1); to the extent that more testimony is required in light of the amendments, this would likely constitute grounds to permit a further deposition.  *See Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal 1989) (noting that "repeat depositions are disfavored, except in certain circumstances," including where there have been "new theories added to the complaint").  For each of these reasons, Defendants have failed to meet their burden of showing prejudice.  *See Sherpa*, 318 F. Supp. 2d at 87.

Defendants next contend that Relator's motion to amend is futile because it is unnecessary. (Dkt. No. 44 at 6.)  Specifically, Defendants argue that Relator need not amend to assert additional claims because government counsel's emails suggest that he could "achieve his intended recovery without the necessity of amending his Complaint."  (*Id.*)  Not so.  First, government counsel's emails indicates the government's position that however the FCA damages are calculated—whether based on payments the Section 8 payments the government made to Defendants or the side payments Relator made—the government is entitled to 70% (Dkt. No. 41-1 at 6), which suggests that Plaintiff needs to amend to recover any damages aside from 30% of the government's take.  But, even if Defendants' interpretation were correct, futility does not turn on whether an amendment is necessary, and Defendants do not cite any authority suggesting that such circumstances constitute a ground for denial.  Instead, the inquiry is not whether amendment is

necessary but whether it constitutes a "valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Defendants do not argue that the new claims alleged in the proposed amended complaint are not valid claims, so the Court declines to deny the motion on this basis.

Finally, Defendants cite largely out-of-Circuit cases for the proposition that the Court should deny leave to amend because the proposed amended complaint seeks to add allegations that should have been raised in the initial complaint.  (Dkt. No. 44 at 6-7.)  In the Ninth Circuit, this analysis is part of the undue delay inquiry, as discussed above.  As delay alone does not provide sufficient grounds for denying leave to amend, *see DCD Programs, Ltd.*, 833 F.2d at 186, the motion to amend must be granted.  *See Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

## CONCLUSION

For the reasons described above, the Court GRANTS Relator's motion for leave to amend. Relator may file the proposed amended complaint submitted at Exhibit 3 to the Declaration of Jason Hain.  (Dkt. No. 41-1 at 13-27.)

This Order disposes of Docket No. 41.

**IT IS SO ORDERED.**

Dated: February 27, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

8